Our second case on the call the docket is agenda number 19 case number 1 1 3 6 5 5 in re estate of Robert P Boyer Appellant versus Grant Dixon at all a police counsel for the appellant. Please proceed May have pleased the court. Good morning. Your honors David Feinberg on behalf of Robert a Boyer the appellant This case deals specifically with the with the application of the doctrine of election to a sixth amendment to a trust The doctrine of election is not statutory in nature But has been developed and expanded by case law and it's usually applied in the context of wills Simply put under the doctrine of election one cannot simultaneously accept benefits Conferred by a will while setting up claims contrary to the terms of the document itself The appellant in this case at hand Robert a Boyer not to be confused with Robert e Boyer who is the decedent? Was not accepting any benefit under the sixth amendment to his father's Claims contrary to document itself The issues before the court or whether the appellate courts decision should be reversed because it improperly applied the doctrine of election to a petition to contest the Sixth Amendment to a trust and To whether the appellate court decision should be reversed based on equitable considerations we respectfully request that this court reverse the lower courts and The appellate courts decision in dismissing the petition to contest the Sixth Amendment based on the Apple leaves to six one nine motion this court's review this case is de novo a Brief summation of the facts are as follows Robert e Boyer the decedent died on May 19th 2010 leaving a will and a trust the trust was restated twice By the decedent and thereafter amended six separate times by the decedent The Northern Trust and Robert remained successor trustees until the Sixth Amendment to the trust Robert's petition only related to a petition to the Sixth Amendment That's it the Sixth Amendment changed the successor trustees From Mike from my client Robert and the Northern Trust to attorney, mr. Dixon the Sixth Amendment had no provisions relating to this distribution of trust assets Robert filed his three count petition to contest the Sixth Amendment and September 27 2010 the petition included Allegations that his father lacked the mental capacity to understand the Sixth Amendment to the trust that the that the successor trustee That was put in place in the Sixth Amendment breached his fiduciary duty and exerted undue influence This decedent's trust was executed on April 27th 2010 when the decedent was suffering from dementia The Sixth Amendment was executed within one month of the decedent's death Roberts November 2000 I'm sorry November 24th 2010 response to the citation that was issued by the lower court stated that the decedent's children allocated the tangible personal property Among themselves pursuant to the trust on May 25th 2010 and July 16th 2010 All the children were present and they all came to a mutual agreement about the distribution of the personal property There the response to the citation did include a receipt which was dated November 22nd 2010 Keeping keeping in mind that Roberts petition to contest the Sixth Amendment was filed in September on December 27th Dixon Mr. Dixon filed a two six one nine motion to dismiss the Sixth Amendment to the trust the lower court issued his order on March 4th 2011 Granting the trustees motion to dismiss the trial court and appellate court aired in applying the doctrine of election The reason they aired is because a doctrine of election is based on equity What's fair in addressing an issue dealing with? Restrictive covenants this court recently decided in the reliable fire equipment versus a redondo case December 1 2011 that you must look to the totality of the facts and Circumstances of the individual case and not just to a bright line rule Applying the same concept here this court should look to the totality of all the facts and Circumstances and not just to a bright line or a bright line rule that automatically applies the doctrine of election So we have two questions one is a legal question whether the doctrine of election applies to trust Correct correct second one then would be if the if in fact it does But the trial court abuse its discretion by applying the doctrine in the under these things and and I think the issue is Is and I agree that whether the doctrine of action it should be applied to trust But in this case what we're dealing with is just a severable Sixth amendment to the trust so the issue is whether the doctrine of election Should be applied to an amendment to a trust similar in the will context whether it should be applied to a codicil the the there isn't an one Illinois court decision the Burnett case that did apply the doctrine of election to a trust but in that case the facts were completely different in that case the petitioner had received Property and then in addition in the in the Burnett case what he was trying to do what the petition was trying to do was overthrow and turn over the entire trust scheme in our case We're not we're not trying to do that. We're not trying to overthrow the entire trust scheme In fact, the Sixth Amendment has absolutely nothing to do with distributions our client my client Robert Would receive the exact same Distribution whether or not the Sixth Amendment stays in place or not you wouldn't you would not argue then that if if the amendment or the part of the trust that your client is trying to Challenge had to do with the distribution And affected the distribution that he had accepted the distribution that the doctrine would apply in that case I think you have to look at the totality of the facts and circumstances to see whether the doctrine should or should not apply If if you're not arguing for a blanket rule that the doctrine of election should not apply to any trust under any circumstance Correct. I think that I agree. I agree your honor I'm not arguing that it should never apply to any trust at any time. I think what the court should do is look at all the facts and circumstances and Not just apply a bright line rule To a trust or to a will or to any document And in this case what we're dealing with is is strictly an amendment to a trust if this amendment fails The the trust along with amendments one through five would continue on and stay in place There's in fact a severable severability provision That would provide as such so the way I'm looking at it is The Sixth Amendment is a document in of itself separate from the trust and And the amendments one through five Yes, you look at the entire document for construction issues to understand what the intentions were of the decedent But the the amendment is a separate document And even the lower court Stated that if this amendment did fail That one through the trust and one through five would still remain in place So I think the key is and as this course this court has done in the past is to look at everything the not the totality of the circumstances and Apply a doctrine that's based on equity and equity equity fairly And Let's let's look at the core issue of the case Robert filed a petition to remove a trustee that was improperly appointed by his father when his father was suffering from dementia The fact that Robert and the siblings divided up this property and received personal property has no Relevance to the removal of what we allege is an improper trustee And as I mentioned he receives the same exact property whether the amendment stays in or does not come in Did Robert know the provisions of the trust when he engaged in when they did the distribution of the property? the No, the answer is is that this case was dismissed on a six one nine motion So we never got to that point, but but to answer the questions it make a difference I think it does I The the court has made it clear That one of the exceptions to the doctrine of election being applied is that you have to know the total facts? Of what you of the case of what is being received and in the context and and what the document is all about so I Agree that it would be important and should be a factor that should be considered in whether there was a knowing acceptance of the personal property now in this case What we do know is that? Robert and his siblings did divide up the personal property amongst themselves Shortly after their father had passed away, and they they did this because different people were coming from out of town they met Together at the family home. There was no disagreement. They all divided up the property monk amongst themselves there was no involvement of attorneys and and and there was no issue at that time to Divide up the property amongst themselves, so now they divide the property And no issues whatsoever no complaints And then the context of this case is that there was a then a citation to discover that was filed by Opposing counsel who represented who represents the alleged successor trustee who is not a beneficiary of the trust or of the will and and in November Which is two months after the filed? Petition to contest the Sixth Amendment that is when there included a receipt that Robert did sign showing that he did Receive the personal property I think it's also important to note though that the property was being removed as well because the home was owned by my client's mother and They were in the process of selling the home and in order to sell the home They were dividing up the personal property so they could clear it out so that the home That was owned by a totally separate trust the mother's trust could then be sold in a residential sale So I think this court should look at all these different factors and not just apply black and white bright line rule to say Doctrine of election should be applied in every single case including every trust and in this case a trust amendment It wouldn't be fair a doctrine based on equity needs to be applied fairly and justly in facts and circumstances of the situation need to be taken into consideration just like The court advised in the Arredondo case Did the appellate court find that this challenge was forfeited since you do not raise it before the circuit court, so what about the forfeiture? That what that what was that what was forfeited the challenge to the Sixth Amendment well the the the Appellate court decided that that the challenge that we they based their decision on applying the doctrine of election to an amendment and therefore any Acceptance of the property would foreclose any opportunity To to then contest any part of a trust now they did rely on a couple of out-of-state cases including the Beglinger and the whole spa cases which are Michigan cases which This court does not need to Rely on those cases were completely different That those two cases were completely different than our case in hand in those cases The individual had received Property in the Beglinger, I believe it was ten thousand and the whole spa was it was four hundred thousand dollars upon that receipt what the petition was trying to do though was to Void out the entire trust scheme by voiding out the entire stress trust scheme that would change Potentially the distribution here Let's keep in mind. We're dealing with a doctrine of election that deals with issues of a property of What what is received you the cases in all the cases that have been cited by opposing counsel deal with the situation? where somebody Receives personal property or Monetary distributions and then what they're doing is they're trying to overturn the entire Document itself and potentially receive a different distribution We're not doing that here. The only thing we're doing is petitioning to to a to Remove an amendment that was prepared when my client's father was suffering Allegedly was suffering from dementia. We had doctor's notes That stated that his father was suffering from dementia You've talked about facts looking at the whole situation, but I in in reading their brief I thought you had two specific separate arguments one the doctrine of election shouldn't apply because it does not Challenging the Sixth Amendment does not affect the distribution whether he accepted or not And the second was that there should be an exception Based upon The acceptance of the the property having been made with full knowledge of the relevant facts and circumstances so does it make any difference whether Boyer knew of the existence of the Sixth Amendment when he accepted the Property with regard to your first argument. I think it's Important the the exception. I believe you're you're asking about is is whether My client had to make a knowing acceptance of the property and know that that property was in fact owned by the Sixth or owned by his father's trust. What are the relevant facts and circumstances? that the Boyer would have had to have known is it just who owned the property or does it have to do with the drafting of the Sixth Amendment or what? Well, I think To answer that question, I think it's important to discuss very briefly the McLeish case in the McLeish case You had a situation where the individual? Son the son of a decedent lived in a home for 28 years and he lived in that home and paid rent to his father then his father Passes away and and this son remained in the home as a holdover tenant in that Specific case the court concluded that there is an exception that is applicable here That is that the son who lived in the home did not make a knowing acceptance And he would not have known that that The fact that he was living in the home was the fact that he was living in the home was a benefit to him without without paying the Rent in this example. Well, the court said that he did not make a knowing acceptance He did not know that the property that his thing in the home was a benefit So in the facts in our case are similar in the fact that Robert Did not know and in fact should not have known that these assets were owned by the trust In fact, usually personal property is owned by a will it's not usually not assigned to the trust So our client would have had to understand that there wasn't that his father executed an assignment of personal property back in 2003 and keep in mind our client was not a Was not it was never an acting trustee He was removed from the 6th amendment. So he would have had to know that there was an assignment the personal property then then he would have to make it a Knowing and understanding that the property that he was receiving Was part of the trust and that and then the other point is this this Doctrine of election has never been applied before to an amendment To a trust. So even if he knew this the law is There is no law that says that that the doctrine of election would be applied to amendment so he never made a knowing acceptance and I think that's that's that's a Important factor in in this case And in addition we have to understand that that what Robert was doing was he he was not Accepting something and taking an inconsistent position as I mentioned the court recently decided in the reliable case that you've got a look at at at the totality of the facts and Circumstances, isn't that reliable case a restrictive covenant? It is the facts are different. It's not the different issue a different issue but the concept is similar in that this court would not apply a doctrine You know as a bright line rule They were going to look at and it was it was in in that case you're dealing with They want to make sure I was remembering the right case. Yes. Yes It dealt with a different fact pattern But the point was that that in that case they looked at you look to Different factors and making a decision based on a doctrine. That's that's of equity Now The actor the doctrine of election has been applied to rigidly in this case and in others. It's resulted in an inequitable situation If you look at the totality of the circumstances you would you would understand you would understand that it should not have been Applied in this particular case We ask that this court reverse the decision of the appellate court in the lower court and the remand the case to the trial court for Proceedings consistent with the totality of the circumstance analysis. Thank you. Thank You. Mr. Feinberg Counsel for the appellee You Good morning, may it please the court My name is Kerry Peck. I'm appearing this morning on behalf of a poli grant Dixon as trustee of the Robert Boyer revocable Living Trust I District appellate court and the circuit court of Cook County both the first district appellate court and the circuit court of Cook County a Extended the well-established equitable doctrine of election to trusts the doctrine of election is a judicially created doctrine of equitable estoppel and applies to trusts such as the case at bar as it has been previously applied to wills as Michigan Supreme Court said in 1963 in the Holzbau versus Detroit Bank and Trust Company what 371 Michigan 432 a Beneficiary cannot blow hot and cold at the same time Interestingly enough they relied on Lord Kenyon the English jurist In that case the Michigan Supreme Court invoked the doctrine of election in a case involving a testamentary trust I Can report to you as an attorney in the trust in a state's arena for over 30 years? But the use of revocable living trusts much like the case at bar has become the preferred choice of a state planning primary benefit of a revocable living trust is Post-death probate avoidance The legal issue before this honorable court this morning is whether the doctrine of election Should be applied to trusts as it has been applied to wills for decades. I urge this court to extend this equitable doctrine to trusts in an evolutionary expansion of this principle to provide for the orderly expeditious administration of trusts The case at bar is a classic textbook case to enunciate this important public policy decision I Would respectfully suggest that the proposed case is straightforward and clear if you accept the benefits of a trust You cannot thereafter Challenge the trust was this trust or maybe I should rephrase where I'm going Or you're asking for basically a bright-line rule apply the same Doctrine that we apply to wills to the trust or to trusts in this case a revocable living trust If it's a trust that can be changed or altered during the lifetime Does that make any difference as to whether or not this doctrine should be applied no matter what happens during the lifetime of the both? the grant or the settler and the beneficiaries Well your honor, I would as you know once the settler passes away it becomes irrevocable During lifetime it is revocable. And if the question implies that the settler gave gifts during lifetime I do not believe that that would bar a I don't think that would be applicable in the case at bar. So a person could accept benefits during lifetime and Be barred under the doctrine of election from challenging the trust after death. Yes, your honor. I'm talking about post-death challenges does it make any difference counsel whether the Person knows the provisions of the trust or if there are any changes Well, I would respectfully suggest the answer is is twofold to that justice first of all The argument of full knowledge exception that counsel relies on today was never raised in the trial court So as this court looks down to the to the trial court on this decision Counsel's argument has evolved. The answer is in the case at bar Certainly, mr. Boyer knew what was going on Counsel gave you a recitation of facts The decedent died in May of 2010 he according to the trustee The trustee had a conversation With mr. Boyer at the funeral before the funeral, excuse me Indicating that he was the trustee and indicating that there was a Sixth Amendment Counsel was engaged to Children got together. Mr. Boyer took property and notably. Mr. Boyer is the only one who currently is refusing distributions from this trust Everybody else entitled to distributions has received those distributions. So yes, I would I would agree that Someone should know what their actions are based upon the knowledge is important, but there's no doubt in my mind Mr. Boyer was aware. He was advised twice by Correspondence and he was advised at least once in a face-to-face Conversation with mr. Dixon. Is that part of the record? I'm not aware that it is and I apologize for that. But the two letters I'm sure are Respect there. I Imagine it's your position That there's no room for severability of amendments within this doctrine of election And so the question is going to be why? Just and I believe mr. Feinberg takes the position Especially when there's nothing inconsistent or incompatible about receiving a distribution of a trust While at the same time content contesting who may serve as trustee Okay First of all, let me suggest again in the appellate court specifically in its Decision in paragraphs 51 52 and addressing in paragraphs 53 Notes that mr. Feinberg waived that argument. It was never raised in the trial court and Specifically the appellate court notes that the severability clause that Mr. Feinberg refers to applies only if provisions of the trust are found to be invalid and That's what the severability clause says in the trust before the court in addition justice Thomas I would respectfully suggest that the designation of a trustee in the Sixth Amendment in this case is a Critical component of an integrated document. It needs to be read as an integrated document This trustee is granted substantial discretion and in the exercise of his discretion I would respectfully suggest that severability is inappropriate Counsel I asked how and It's a genuine question The last portion of the appellate court's opinion the conclusion says that in Decisions case we are mindful of the civil court Informed Robert that he had another avenue for challenging the appointment of this Dixon as the trustee By filing a petition to remove the trustee in a separate proceeding before the circuit court We see no reason why Robert if he chose could not proceed in that manner So at least the appellate court is saying that the statute of election does not bar all of his remedies Absolutely, Justice Tice that the the circuit court suggested that mr. Boyer Accomplish his goals by filing a petition to remove and I think that as as we go back to the issue of knowledge You know Mr. Boyer asserts that there was undue influence and lack of capacity. There was never any discovery in this case So, you know, we we obviously would would adopt the opposite view but mr. Boyer knew he had a cause of action as far back as February in March when he purportedly got letters of 2010 Asserting undue influence, but what I don't understand though is why the doctrine wouldn't apply to this other remedy It he still has a remedy in his case the fact that he took some of the distribution does not bar him from Moving to remove the trustee. Why not? Why doesn't the doctrine of election by that as well? Because a removal petition for the trustee would need to assert that the trustee has done something Inappropriate and that's probably why they didn't file this if this trustee has administered this trust in an appropriate fashion petition to remove would assert Hypothetically the trustee has not followed the dispositive provisions of the trust So the removal petition would have a completely different argument would be based on facts that were developed After the appointment of the trustee and during the course of the trustees stewardship. Yes In the case at bar, mr. Boyer has twice taken personal property from the trust in essence He received a tangible benefit from the trust Thereafter he filed a lawsuit to overturn the trust and two months thereafter He Executed a receipt prepared by able opposing counsel Which acknowledges on the receipt in page 220 of the record? Receipt of a partial distribution of my interest from the trust. It's quote-unquote We assert that the expansion of the doctrine of election in essence Prohibiting a beneficiary from taking a benefit and thereafter Challenging the trust will aid the trial courts in the state of Illinois in the following manner adoption of this doctrine will eliminate the floodgate of litigation that is likely to occur with the proliferation of revocable living trusts in a state planning adoption of this doctrine to trusts will prevent the trial courts from having to devote judicial resources to determine if the trust is provision is substantive or procedural as counsel asserts Appalachian suggested his challenge is based solely on a procedural provision and I addressed that in response to Justice Tice's question and Justice Thomas's questions in terms of the discretion that's imparted upon This trustee. This is a critical provision and it's not a standalone document The issue before the court is the beneficiaries Inconsistent conduct taking taking taking thereafter challenging Hypothetically we can easily construct a hypothetical in which a beneficiary beneficiary a Receives partial distributions from the trust Beneficiary B has not received any distributions beneficiary a After receiving distributions decides to challenge the trust to prohibit beneficiary B from receiving Under the trust again, they could assert undue influence of beneficiary B or something of that nature That is inconsistent behavior and that's a clear hypothetical that would Apply relative to the expansion of this doctrine of election to trusts in the case at bar the Apollon has received a coin collection a Samurai sword presumably a World War two antiquity Because he also receded for his father's army uniform furniture and a stereo to name a few items Today the Apollon argues that the personal property is of nominal value and that should be conclusive according to the Apollon to this court the adoption of the doctrine of election and its Extension to trusts would be very clear If you accept the benefits of a trust as Apollon has done you cannot thereafter challenge the trust The trial courts of this state should not be required to determine if the personal property was of sentimental value nominal value or great monetary value Adoption of the doctrine of election to trusts will prevent beneficiaries from taking inconsistent positions during the course of the administration of the trust and it will eliminate unnecessary litigation and expense to trust the states Just as it has done in the application of the doctrine to wills the estate of King case a fifth district 1993 Illinois case 245, Illinois appellate third 1088 is directly on point what what it what is specifically in and you you might have touched on this, but what is specifically? inconsistent about Accepting the terms of the trust the benefits whatever the distribution, but challenging who is the trustee? What's inconsistent about that? I would respectfully suggest that if you receive a benefit you should be barred from challenging at a provision of the trust and Respectfully suggest that the re-execution of the Sixth Amendment is a in essence a restatement of the document I Respectfully believe that the Sixth Amendment is not a standalone document the trustees appointment the trustees selection and the powers invested in the trustee both under the document and the trust and trustees act is a very substantive act substantive Amendment and it's inconsistent to say I get a benefit and thereafter I turn around and challenge so we shouldn't look at the purpose for which the doctrine of election came into being which as I understood it was not to allow an individual to take a take a Benefit under the agreement and then challenge those very provisions to make sure somebody else doesn't get a benefit No, I think that you certainly need to view the totality of the circumstances But I believe that the Sixth Amendment is part of an integrated document. I don't think that we can separate out the Sixth Amendment It's not a standalone document and and it certainly Requires in my opinion that the beneficiary act consistently In the King case the beneficiaries who contested the will Argued that by accepting personal property they had not accepted a sufficient benefit and were not ratifying the will Fifth district appellate court disagreed and held that the beneficiaries had confirmed and ratified The entirety of the will by accepting a benefit tangible personal property The court invoked the doctrine of election and prevented an attack upon the will Appellant Has argued and and I think we've addressed the the knowledge issue relative to Of this case before he signed a receipt and in notably there is a case That on point says the assessment of knowledge Is to be determined at the time of filing the lawsuit So mr. Boyer files a lawsuit in Excuse me September of 2010 after receiving property twice after being advised by a counsel for mr. Boyer then counsel for mr. Boyer a multiple times twice of the terms of the document and after purportedly Gaining knowledge that he had the basis for as he asserts an undue influence case So if knowledge is assessed under the Jaffe case 143 Illinois appellate third a first district case a 1986 case at the time of filing the lawsuit Certainly, mr. Boyer Knew and had ample information Regarding the knowledge of the circumstances in this case Notably as mr. Dixon is a co-trustee for the trust. Is that right? Mr. Dixon is the sole trustee or all trustee. Yes Mr. Dixon has made Distributions to all the other beneficiaries that have sought them. Mr. Boyer Refuses to to either seek or receive any further distributions In 1997 the Michigan Appeals Court Relying in part on our, Illinois courts in the estate of Jaffe Said that invoking the doctrine of election Applied to the intervivals trust case in that scenario and in the Berlinger case be gl ing er 221 Michigan appellate 273 in 1997 case Factually the plaintiffs who had alleged lack of capacity Alleged undue influence had accepted ten thousand dollars under the trust and a dollar under the will Were barred from bringing their action The doctrine of election was applied to that intervivals case much like the intervivals trust that appears before you today Would you agree with the appellate court the no, Illinois case so far as extended the doctrine to trusts? Yes, I agree Other than of course the lower court in this case, right? Yes I Would suggest that the your honor that the three the three leading cases On this issue as it applies to wills are the the Kiker case 111 17 Illinois appellate third four five, excuse me 547 a second district 1983 case the estate of King 245 Illinois appellate third 1088 a fifth district 1993 case And as I previously noted also the Jeffy case 143 Illinois appellate third 438 a first district 1986 case In conclusion, I would say that the case at bar provides this honorable court with an opportunity to Logically extend the doctrine of election to trusts I've highlighted the reasons that the expansion of this doctrine to trust is necessary I believe it will aid the trial courts in the in the orderly and expeditious administration of trusts and I conclude with the comment that This court I would respectfully ask adopt the Michigan Supreme Court's position the Michigan Appellate Court's In knowing once again from Lord Kenyon that a beneficiary cannot blow hot and cold at the same time Thank you very much. Thank you. Mr. Peck Rebuttal if any Thank you, your honor As it's noted this court has not ruled on the doctrine of election since 1955 now is the chance for the Supreme Court to make a ruling on a doctrine of equity equity in a fair way Doctrine of election has been developed by the appellate courts, but oftentimes we are getting in equitable results The Doctrine of election has been applied to trust one time in Illinois that and that is the Burnett case and as I've described that case Is completely different? Than this case at hand because in that case they were trying to overthrow the entire Trust and there was knowledge this case our client did not have full knowledge of the facts and circumstances and in fact, how how could it the Conversation that that Which is not of record that that he that my client had a conversation that that mr Dixon was a trustee and there was a Sixth Amendment But nowhere does he mention that there was ever any inventory any accounting what's important to notice? What assets are owned by the trust not that there was a Sixth Amendment or that or that there was a alleged? Trustee so there in a will context. Let's keep in mind in a will context. We're dealing with more court supervision Oftentimes a person can have supervised administration where they would get an inventory in 60 days here We're dealing with a private trust document that if you did apply the doctrine of election in a bright line fashion You're gonna get inequitable results such as the one in this case now. We're not blowing hot and cold There's no inconsistency here We're not affecting the orderly administration of trust in any way What's hot and cold about the fact that a client never made a knowing acceptance of personal property? all he's trying to do is contest a severable Sixth Amendment, which has Absolutely nothing to do with distributions and the doctrine in itself Okay, what our client is trying to do is remove a trustee there's nothing inconsistent about that But he had knowledge about the trustee before the distribution, correct? He he knew who this person was he had had contact with him, etc So the issues about the trustee had already been raised What well whether I'm not sure if he did or did not have a conversation Never fully got to the facts in this case because it was dismissed and it's done a six one nine motion Before the facts could be fully developed. I'm hearing for the first time that potentially there was a Conversation between that and that he could potentially knew that this was a successor trustee, but but keep in mind So let me just ask you the question is what is in the complaint? And do you know was there any affirmative matter attached to the two six one nine motion? I don't I don't I the the two six one nine motion I Do the facts were not developed enough with the? opposing Council had argued was that what and what was heard before the lower court was only the doctrine of election and applying the doctrine of election to In our case to a trust amendment So we have to be very careful to look at what's in the complaint and only use the facts that are alleged in the complaint You agree with that? I agree with that, but one of the arguments that was made that it was that certain issues weren't raised in the lower court and therefore this court doesn't have the ability to to look at those type of situations or facts and I I believe that this court does have The right to if in order to preserve justice to look at the facts and circumstances Of the case at hand and for example with it with the severability issue It was raised in fact there was discussion between the the judge and opposing counsel stating that if one through if the trust and amendments one through five are Terminated that doesn't mean the Sixth Amendment comes out and counsel agreed that that's correct So I do believe it that in order to preserve justice this court would have the opportunity to look at Facts, but I think it also should be careful In in in in what was stated by opposing counsel that certain facts weren't raised at the lower court level Mr. Peck mentioned about two letters sent to your client. It was that before filing of the loss of the complaint By the trustee I'm not sure of the exact letters. He was referring to That there were that there were two letters stating that there was a new that there was a alleged trustee But that in order for us to file our petition to contest the Sixth Amendment I I will submit this court that that's true that we we were aware that there was an alleged Trustee a successor trustee There was knowledge that that there that there was an amendment That was in place But but just speak but we did not have knowledge of any And our client did not it was not aware of the specifics what property was owned and in fact would not have known What property was owned by his father's trust there wasn't an inventory accounting anything like that That was that he had received You've said several times in your argument that you keep referring to well It's only challenging one provision of this trust is that essential to your argument, or is it strictly a fact? case It goes to just Whether you're challenging essentially non-distributive Visions of the trust or am I yeah Our client is not picking and choosing What clauses he likes and what clauses he doesn't like from the trust our position is that we're dealing with a separate? Sixth Amendment in and of itself yes The Sixth Amendment is part of the trust and and for construction purposes. We would tie it all together however The Sixth Amendment is a separate document in and of itself and just for example We have the the zine graph case where that that of that dealt with a will and a codicil in that case There was not enough information or facts to To allow the codicil to continue on it wasn't properly attested the codicil in that case so what happened was The codicil was thrown out And But the remainder can still stay in place similar to our situation the Sixth Amendment We're contesting the entire Sixth Amendment and the Sixth Amendment deals only with trustee issues So we're not choosing. You know picking hot and cold and taking inconsistent positions whatsoever We're contesting one severable document which has absolutely nothing to do with Trust distributions, and I think it's important to note that that most of the cases that are cited deal with with Trying to overthrow an entire Document in and of itself here. We're dealing with a separate document that if the Separate Amendment dealt with distribution and Challenging that Separate Amendment was inconsistent with accepting benefits under the rest of the document would your argument be the same? No, I would I would still I would look to The totality of the facts and circumstances. I would take each case on an individual basis Look at the totality what you're not looking for a bright line rule that says Challenging to a separate amendment is never subject to the doctrine of election correct so for example if if the facts and circumstances were there was a amendment and and my client had received substantial amount of assets or Significant amount of assets from that amendment and then the or or vice versa somebody let's take the hypothetical It's somebody else was receiving substantial amounts from this amendment and my client was trying to Throw out that amendment so he could receive more That there you've got inconsistent as inconsistent Situation so in that example if my client had received a Significant amount of property and then in addition he was trying to throw out a Sixth Amendment that had distributed all assets to a Third party so that if that amendment got thrown out he would then receive more you look to the full The entirety did not you can't pick and choose and you should especially a doctrine based on equity and what is fair? How can you to apply a bright line rule would result in? Inequitable situations, and that's not the purpose of this doctrine. It's to what if what if in taking the personal property? He he had a million dollar coin collection With that's do we still be able to challenge the sixth provision in in our situation my answer would be yes And the reason why is this? Regardless of whether the Sixth Amendment stays in or gets thrown out. He would still get the million-dollar collection He's not he's not doing anything. That's inconsistent. The only thing he's trying to do is remove a successor alleged successor trustee who came into place at a time when he alleges His father was suffering from dementia and didn't understand what he was doing I wanted to clear that up because it seemed to me in the briefs a considerable argument about this The stuff that was received is really nominal and value it was doing everybody a favor to get it out of the house But you so under your argument it would apply regardless of the value of the items Well, I think you that would that's one of the factors to consider. It wouldn't be the the sole factor Your time is expired. Thank you very much case number one one three six five five NRA estate the state of Robert E Boyer by Robert a boy or appellant versus Grant Dixon Apple ease is taken under Advisement as agenda number 19 mr. Marshall, we're going to take a brief repet recess will reconvene at 10 45 a.m